THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-00758-RPM

RONOLD L. VON HAGEN,

    Plaintiff,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY,

    Defendant.

_____

ORDER GRANTING SUMMARY JUDGMENT
_____

Invoking jurisdiction provided by 28 U.S.C. § 1332, Ronold L. Van Hagen seeks damages from Fidelity National Title Insurance Company, successor to Lawyers Title Insurance Corporation, for an alleged breach of a title insurance policy issued to him when he purchased land in San Miguel County, Colorado, in 1986.  The defendant moved for summary judgment of dismissal based on the following undisputed facts.

1.  Plaintiff took title to the subject real property located in San Miguel County, Colorado, (the "Property) by warranty deed recorded in the public records of San Miguel County, Colorado, on June 4, 1986, Reception No. 243650.

2.  A quit claim deed from the Alpine Land Company to Plaintiff, recorded in the public records of San Miguel County, Colorado, on June 9, 1986, in Book 427 at Page 736.

3.  The San Miguel Title Co. Issued Lawyers Title Insurance Corporation Owner's Policy number 85-00-477973, in the amount of $586,000.00, with a date of June 5,

1986, with Plaintiff as the named insured (the "Policy").

4. By bargain and sale deed recorded in San Miguel County, Colorado, on May 28, 2008, at Reception No 401873, the Plaintiff conveyed title to the Property to "Ronold Von Hagen, as Trustee of the Ronold Von Hagen 2007 Revocable Trust Dated June 15, 2007."

5. Plaintiff sent formal notice of claim under the Policy to the Defendant by letter dated December 22, 2010.

6. Defendant denied the Plaintiff's claim under the Policy by letter dated February 4, 2011.

7. Plaintiff is currently the owner of the Property by virtue of a Bargain and Sale Deed from Ronold Von Hagen, as Trustee of the Ronold Von Hagen 2007 Revocable Trust Dated June 15, 2007, recorded in San Miguel County, Colorado, on June 2, 2011.

The Policy's Conditions and Stipulations include the following provision:

> The coverage of this policy shall continue in force as of Date of Policy in favor of an insured so long as such insured retains an estate or interest in the land . . . or so long as such insured shall have liability by reason of covenants of warranty made by such insured in any transfer or conveyance of such estate or interest; provided, however, this policy shall not continue in force in favor of any purchaser from such insured of either said estate or interest . . . .

The transfer of title described in paragraph number four above terminated coverage of the policy.

The plaintiff contends that he continued to have an interest in the land because the trust is revocable and he was the sole grantor/settlor, trustee and beneficiary of the trust. The trust was created for tax purposes. Under Colorado real estate law the conveyance gave title to the trust as an entity. C.R.S. § 38-30-108.5 and divested Von

2

Hagen of any interest in the land.

He apparently recognized this result by conveying title back to himself after his claim was denied and before filing this lawsuit.

Because coverage terminated on May 28, 2008, by the express terms of the insurance contract, it is

ORDERED, that judgment shall enter for the defendant, dismissing this civil action and awarding costs.

Dated:   August 14th, 2014

                                BY THE COURT:

                                s/Richard P. Matsch
                                _____
                                Richard P. Matsch, Senior District Judge